UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THYSSENKRUPP PRESTA DANVILLE, LLC,

Petitioner,

v.

TFW INDUSTRIAL SUPPLY & CNC MACHINE, LLC,

Respondent.

Case No. 19-mc-50863

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO SET ASIDE JUDGMENT [#8] AND DENYING RESPONDENT'S MOTION TO VACATE ARBITRATION AWARD AND RESPONSE IN OPPOSITION TO PETITION TO CONFIRM ARBITRATION AWARD [#9]**

**I. INTRODUCTION**

Presently before the Court is Respondent's Motion to Set Aside Judgment Based on Excusable Neglect and Respondent's Application to Vacate Arbitration Award. ECF Nos. 8, 9. Petitioner filed responses to each motion on August 30, 2019. ECF Nos. 11, 12. Respondent filed its replies on September 6, 2019. ECF Nos. 14, 15.

Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2). For the

1

reasons discussed herein, the Court will DENY Respondent's Motion to Set Aside Judgment Based on Excusable Neglect [#8] and DENY Respondent's Application to Vacate Arbitration Award [#9].

## II. FACTUAL BACKGROUND

Petitioner Thyssenkrupp Presta Danville ("Presta") commenced arbitration against Respondent TFW Industrial Supply & CNC Machine ("TFW") in December 2017. *See* ECF No. 1-5, PageID.54. Presta sought monetary damages for breach of an automobile equipment supply contract. TFW filed a counter-complaint against Presta with seven claims, including breach of contract and fraud.

Less than a year after their original contract formation, TFW and Presta began disagreeing about equipment prices as stated in the contract, subsequent negotiations, and email communications. TFW attempted to negotiate a price above the original contract amount, at times "threate[ning] to cease production to Presta absent a price increase." ECF No. 1-5, PageID.63. As a result, Presta sent TFW multiple notices of breach and demands to cure. Additionally, the sole arbitrator in this matter, Scott A. Wolfson, found that "testimony and documentary evidence also established that TFW was under significant financial strain during the relevant time period . . . ." *Id.* at PageID.66. This required Presta to pay various vendors and suppliers on behalf of TFW to cover TFW's production shortfalls.

The arbitrator found that Presta and TFW's contract was "for a fixed price, unambiguous, and integrated" with all terms in writing. ECF No. 1-5, PageID.69. This included clear language that the parties were bound only by the terms of the contract as written, so oral negotiations or agreements could not be considered. Further, the arbitrator determined that Presta demonstrated by a preponderance of the evidence that TFW breached contractual obligations and caused Presta to incur significant costs. The arbitrator also found that TFW failed to carry its burden of proving any of its seven counterclaims. Ultimately, on May 20, 2019, the arbitrator found that Petitioner Presta was entitled to an award totaling $2,417,095.98. *Id*. at PageID.88.

### III. PROCEDURAL BACKGROUND

Petitioner filed the instant action on June 7, 2019, seeking confirmation of this arbitration award and entry of judgment pursuant to the Federal Arbitration Act ("FAA"). ECF No. 1; 9 U.S.C. §§ 9, 13. Respondent was served on July 10, 2019 but failed to timely file its response. ECF No. 5, PageID.100. The Court therefore presumed that Respondent had no objection to the Petition. *Id.* On August 7, 2019 the Court entered judgment confirming the award in favor of Petitioner and against Respondent. ECF No. 7.

### IV. DISCUSSION

**A. Motion to Set Aside Judgment Based on Excusable Neglect**

Rule 6 of the Federal Rules of Civil Procedure provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Rule 60 further states, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect." Fed. R. Civ. P. 60(b)(1). In defining excusable neglect, the Supreme Court has specified four factors for courts to consider: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted within good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Sixth Circuit has "considered excusable neglect in different contexts and repeatedly underscored that it is a difficult standard to satisfy." *In re Edwards*, 748 F. App'x 695, 698 (6th Cir. 2019) (citing *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) ("Excusable neglect has been held to be a strict standard which is met only in extraordinary cases.")).

Petitioner timely filed to confirm the arbitration award within one year of the award's issuance. Respondent failed to file any response to the Petition to Confirm, this Court's Order, or this Court's Judgments in favor of Petitioner until the present

motions. In moving to set aside the Judgments, Respondent argues its delay was the result of excusable neglect. Respondent states that a month and a half before the award was issued, its paralegal's husband died unexpectedly. Respondent explains that this death caused unexpected disruptions in the paralegal and legal assistant's schedules, leading to the Respondent firm's inadvertent failure to meet the award confirmation response deadline. Ultimately, an email communication between Petitioner and Respondent on August 16, 2019 put Respondent on notice that this Court entered an Order confirming the award a week prior.

### 1. The Danger of Prejudice to the Nonmoving Party and the Length of Delay and its Potential Impact on Judicial Proceedings

Respondent TFW argues that setting aside this Court's Order and allowing it to file its Application to Vacate the Arbitration Award would not prejudice Petitioner Presta. TFW filed its motion nearly one month after its original deadline and over one week after this Court confirmed Presta's award. The submission of these untimely motions presents a risk of prejudice, as Presta must now expend time and resources defending its award beyond the confirmation deadline.

TFW also claims that the length of the delay will have a minimal impact on judicial proceedings. The problem, however, is that TFW seeks to litigate issues already examined by the Court when Presta submitted its award confirmation application. The appropriate time to consider TFW's arguments about the award

was within the response filing deadline. Setting aside the earlier judgment would delay the resolution of the case and impact the need for further judicial proceedings. Even though the delay in litigation may be relatively small, a delay of even a few months, coupled with the risk of prejudice, weighs against the moving party. *See Tri-Corner Investments LLC v. First Def. Int'l Grp., Inc.*, 361 F. App'x 629, 632 (6th Cir. 2010). These two factors do not support a finding of excusable neglect.

### 2. The Reason for Delay, Including Whether it was Within the Reasonable Control of the Movant

Respondent states that the delay in submitting its response was unforeseeable, arguing that its paralegal's husband's death on April 8, 2019 was an exigent circumstance. Due to this unexpected death, Respondent did not calendar the relevant deadline, July 22, 2019, to respond to the award confirmation petition. Petitioner argues in response that, although the death was a tragic circumstance, this was attorney error that does not amount to excusable neglect.

The Court is persuaded by Petitioner's argument. The Sixth Circuit has found that "inadvertence . . . do[es] not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. at 392. Respondent conceded that at least three other individuals at Respondent's firm, two of whom are lawyers, could have caught the calendaring issue. This indicates that the mistake was within the reasonable control of Respondent's firm. While TFW experienced

an inadvertent and unfortunate calendaring issue, these circumstances do not constitute excusable neglect.

Additionally, while Respondent requests that the client TFW is not punished for the calendaring mistakes of its attorneys, the Supreme Court "has expressly rejected such an argument." *Gohl v. Livonia Pub. Sch.*, No. 12-CV-15199, 2016 WL 2848421 (E.D. Mich. May 16, 2016) (citing *Pioneer*, 507 U.S. at 396 ("[C]lients must be held accountable for the acts and omissions of their attorneys.")). Supreme Court and Sixth Circuit precedent weigh against finding excusable neglect for Respondent under these circumstances.

### 3. Acting Within Good Faith

Finally, Respondent asserts that it acted in good faith throughout the relevant period, as evidenced by its immediate submission of the present motions upon discovery of the filing error. Further, Respondent claims that it has been diligently attempting to find a Michigan attorney to represent the client or sponsor Respondent's attorney in this Court, further demonstrating its good faith efforts. Petitioner does not dispute that Respondent acted in good faith, but states that this factor alone is not enough to find excusable neglect.

There is nothing here to suggest Respondent TFW has acted in bad faith. It is evident that Respondent moved to remedy its mistake as soon as it was discovered.

But Respondent must demonstrate *more* than just good faith to establish excusable neglect, and it has not done so here. *See, e.g.*, *Tri-Corner Investments LLC v. First Def. Int'l Grp., Inc.*, 361 F. App'x at 632.

### B. Application to Vacate Arbitration Award

Section 9 of the Federal Arbitration Act states that confirmation is a summary proceeding and the court *must* confirm the award where the award is not timely vacated, modified or corrected. 9 U.S.C. § 9 ("the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."). Thus, the plain language of the FAA presumes that arbitration awards will be confirmed, and it is well established that courts have a limited role in confirming an arbitration award under the FAA. The parties have contracted for a decision by arbitrators, not the Court. *Shearson/Am. Exp., Inc. v. McMahon,* 482 U.S. 220, 226 (1987) (holding that the FAA establishes a "federal policy favoring arbitration . . . requiring that we rigorously enforce agreements to arbitrate."); *see also Andersons, Inc. v. Horton Farms, Inc.,* 166 F.3d 308, 328 (6th Cir. 1998); *Shelby Cty. Health Care Corp. v. A.F.S.C.M.E., Local 1733,* 967 F.2d 1091, 1094 (6th Cir. 1992) ("It is well established that courts should play only a limited role in reviewing the decisions of arbitrators.").

The standard for judicial review of arbitration procedures is merely whether a party to arbitration has been denied a fundamentally fair hearing. *Nationwide Mut.*

*Ins. Co. v. Home Ins. Co.,* 278 F.3d 621, 625 (6th Cir. 2002); *see also Cooper v. Morgan Keegan & Co.,* 109 F. App'x 756, 757 (6th Cir. 2004); *Nat'l Post Office Mailhandlers, Watchmen, Messengers and Group Leaders Div., Laborers Int'l Union of N. Am., AFL-CIO v. United States Postal Serv.,* 751 F.2d 834, 841 (6th Cir. 1985). Accordingly, a trial court may not reconsider the merits of an award, even when parties allege that the award rests on errors of fact. *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 36 (1987).

The FAA also specifies that a judgment confirming an arbitration award is a final judgment that "may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. After judgment, the award "can be vacated only if the judgment can be [vacated], and to vacate the judgment an adequate excuse must be shown for not having presented objections to the award when the motion to confirm was heard." *The Hartbridge*, 57 F.2d 672, 673 (2d Cir. 1932).

Finally, "[a] federal court may vacate an arbitration award only in very limited circumstances." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 845 (6th Cir. 2003). "Those circumstances include 'where the arbitrators exceeded their powers,' 9 U.S.C. § 10(a)(4), and where the arbitrators act with 'manifest disregard for the law.'" *Id.* (quoting *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000)).

Here, the Court already determined the issue Respondent seeks to address with the present application to vacate the award. While the application to confirm was assumed to be unopposed at the time of judgment, the Court still considered whether the factors under Sections 10 and 11 presented barriers to the award's confirmation. Upon an evaluation of the application, the Court explicitly found no reason to vacate or modify the award under the FAA and therefore confirmed the award. ECF No. 5, PageID.102; 9 U.S.C. §§ 10, 11. The Court's position on this matter has not changed. However, even if the Court had not already considered award vacation, an evaluation of TFW's newly presented arguments results in the same conclusion.

Specifically, Respondent seeks to vacate the award on five main issues: (1) whether the arbitrator manifestly disregarded the law in awarding Presta damages for breach of contract; (2) whether the arbitrator manifestly disregarded parol evidence law in considering TFW's defenses; (3) whether the arbitrator manifestly disregarded TFW's bad faith defense; (4) whether the arbitrator exceeded his authority by concluding Presta did not commit fraud; and (5) whether the arbitrator exceeded his authority by purportedly failing to issue a well-reasoned award. Each of these claims will be evaluated under the applicable "manifest disregard" or "exceeding authority" standards.

### 1. Manifest Disregard

An arbitrator acts with manifest disregard if "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Dawahare*, 210 F.3d at 669. "Thus, to find manifest disregard a court must find two things: the relevant law must be clearly defined and the arbitrator must have consciously chosen not to apply it." *Id.*

First, TFW argues that the arbitrator failed to apply the Uniform Commercial Code (UCC) to the breach of contract issue. This failure, TFW claims, prohibited the introduction of parol evidence related to "assurances of performance" that would prove TFW did not anticipatorily breach the contract. ECF No. 9, PageID.192. It does not appear that the arbitrator manifestly disregarded the law by not allowing TFW's parol evidence. The arbitrator made clear that the contract was unambiguous and fully integrated as written, eliminating the need for parol evidence under the UCC. As the Court must defer to the arbitrator's factual findings, TFW failed to provide any new arguments that indicate the arbitrator acted with a manifest disregard of the law.

Next, Respondent claims that the arbitrator disregarded parol evidence law in its Breach of Oral Modification claim. This argument parallels the one made above in the breach of contract issue. The arbitrator noted TFW's modification claims, but

11

ultimately found that, given the evidence, "Illinois law and the parties' contract bars TFW's claim to an oral modification that was not reduced to writing and signed by both parties." ECF No. 1-5, PageID.77. The arbitrator further found that even if the bar on oral modifications was not applicable, "there is no credible evidence that anyone made any promise to TFW that was not incorporated into a written agreement." *Id*. The Court finds that while TFW's oral modification claim was rejected, mere rejection of an argument does not indicate that the arbitrator acted with manifest disregard of parol evidence rules under the UCC.

Additionally, TFW argues that the arbitrator manifestly disregarded its bad faith defense to the breach of contract claim. Respondent states that the arbitrator failed to address this defense entirely and cites to various evidence that purportedly establishes a timeline of Presta's bad faith. The detailed analysis within the award, however, indicates that the arbitrator both heard and considered TFW's claim through all of the exhibits and testimony. The arbitrator explicitly found that TFW's attempts to establish this contested timeline resulted in "vague, and often contradictory testimony" with "exhibits [that] do not support the statement[s]." ECF No. 1-5, PageID.78. As the Court cannot question merits determinations, Respondents have failed to demonstrate here that the arbitrator acted with a manifest disregard of clearly established law.

## 2. Exceeding Authority

Another limited exception for award vacation under Section 10 of the FAA includes "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Under the FAA, the "burden of proving that the arbitrators exceeded their authority is very great . . . ." *Solvay Pharmaceuticals, Inc. v. Duramed Pharmaceuticals, Inc.*, 442 F.3d 471, 476 (6th Cir. 2006). "The terms of the contract define the powers of the arbitrator, and 'as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,'" a court should not overturn the arbitrator's decision, even if there are serious errors. *Amerisure Mut. Ins. Co. v. Everest Reinsurance Co.*, 109 F. Supp. 3d 969, 985 (E.D. Mich. 2015) (quoting *Solvay Pharmaceuticals*, 442 F.3d at 476).

Respondent's first claim under this standard is that the arbitrator exceeded his authority by concluding Presta did not commit fraud as alleged by TFW. There is no evidence to suggest, however, that "the Arbitrator ignored the clear Illinois law and evidence presented by Respondent." ECF No. 9, PageID.183. To the contrary, the arbitrator cites the exact case TFW highlights, *Pressalite*, before finding that TFW did not meet the standard to allege fraudulent misrepresentations outside of the contract. *Pressalite Corp. v. Matsushita Elec. Corp. of Am.*, 2003 U.S. Dist. LEXIS 5600, at *20-21 (N.D. ILL. Apr. 3, 2003); *see* ECF No. 9, PageID.183; ECF No. 1-

5, PageID.79. The Court may not question the arbitrator's factual findings here, and nothing indicates that the high standard to overturn the arbitrator's decision has been met for this issue.

Finally, TFW argues that the arbitrator exceeded his authority by failing to render a reasoned award, as all the arbitrator's purported errors resulted in "an egregious and manifest disregard of the law." EFC No. 9, PageID.201. After review of the arbitrator's 36-page in-depth examination of both Presta and TFW's claims, there is no indication that the award is not well-reasoned. The Court is persuaded that the arbitrator was "even arguably construing or applying the contract and acting within the scope of his authority," which precludes a finding that the arbitrator exceeded his authority or acted with manifest disregard for the applicable law. *Amerisure*, 109 F. Supp. 3d at 985. TFW's arguments in its application must therefore fail.

## V. CONCLUSION

The Court maintains that it "finds no reason under 9 U.S.C. § 10 or § 11 to vacate or modify the award" after consideration of Respondent's untimely motions. ECF No. 5, PageID.102. Consequently, the Court finds no reason to set aside the judgment in favor of Petitioner or grant Respondent's award vacation application.

For the reasons discussed herein, the Court will DENY Respondent's Motion to Set Aside Judgment Based on Excusable Neglect [#8] and DENY Respondent's Application to Vacate Arbitration Award [#9].

**IT IS SO ORDERED.**

Dated: October 31, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 31, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager